475 A.2d 1310

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Rodney SIMMONS, Appellee.**

Supreme Court of Pennsylvania.

Argued April 13, 1984.

Decided May 24, 1984.

Eric B. Henson, Deputy Dist. Atty., Sarah Vandenbrook, Asst. Dist. Atty., Gaele McLaughlin Barthold, Philadelphia, for appellant.

Kenneth L. Mirsky, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

This is an appeal from the Order of the Superior Court, reversing defendant's conviction for third degree murder, and remanding the case for a new trial. The Superior Court concluded that because trial counsel was ineffective in failing to object when the jury was given a defective instruction on the issue of self-defense the defendant, Rodney Simmons, was entitled to a new trial. The Commonwealth sought discretionary review of this order, challenging it on two grounds. First they alleged that appellee was not entitled to a charge of self-defense where there was no evidence to support it; and secondly, they contended that the Superior Court erred when it considered *sua sponte* an issue not raised by either of the parties.

The facts of this case are as follows. On April 14, 1975, appellee Rodney Simmons was in the front seat of an automobile driven by one Kenny Biggs. In the back seat of the car there was an intoxicated individual who used the name "Nut." Sometime between 9 p.m. and 10 p.m. the automobile in question was in the vicinity of 29th and Clementine Streets in Philadelphia. At one point Biggs drove over to the side of the street where three individuals named Michael Jackson, Gregory LaMarr and Clarence Williams were standing. Appellee asked what street gang they were in, to which Williams took offense, apparently because they were not gang members. An argument ensued between appellee and Williams. According to testimony introduced at trial, the car pulled away and Williams proceeded to follow it with a stick in hand. When the car stopped at a red light on 29th and Allegheny Avenue Williams hid behind a tree. Meanwhile, an innocent passerby, Samuel McCrae, unwittingly was walking toward the feckless ruin of juvenile gang war. As Mr. McCrae turned the corner onto Allegheny Avenue appellee leaned across the driver's seat and fired a shot. Mr. McCrae went down to death.

Appellee was tried in the Philadelphia Court of Common Pleas before the very able Judge Theodore S. Gutowicz, and a jury. A guilty verdict was returned for third degree murder and possession of an instrument of crime. Appellee was sentenced to ten to twenty years for the murder conviction, and two and one half to five years for the weapons conviction. Judgment of sentence was affirmed by this Court. *Commonwealth v. Simmons*, 482 Pa. 496, 394 A.2d 431 (1978). Appellee was represented by Richard P. Abraham, Esquire, at trial and in the unsuccessful appeal to this court.

Appellee, represented by new counsel, filed a petition under the Post Conviction Hearing Act (hereinafter "PCHA")[1]. Following an evidentiary hearing the Honorable Edward J. Blake denied that petition. Represented by yet a third attorney appellee appealed to the Superior Court from denial of relief. The Superior Court reversed and remanded for a new trial, finding appellee's trial attorney, and PCHA attorney, to have been ineffective for failing to challenge the defective self-defense instruction. The Commonwealth's petition for *en banc* reargument was denied. The Commonwealth petitioned this Court for allowance of appeal and we granted allocatur.

In this appeal the Commonwealth contends that the Superior Court erred in finding the two attorneys ineffective for not challenging a defective self-defense instruction. The Commonwealth further asserts the Superior Court erred by *sua sponte* considering an issue not raised by the litigants.

■ When ineffectiveness of counsel is alleged the initial determination which must be made is whether the challenged inaction was of arguable merit. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). If the claim is devoid of merit then counsel cannot be considered ineffective for having failed to pursue it. *Commonwealth v. Gaston*, 474 Pa. 218, 378 A.2d 297 (1977).

1. Act of January 25, 1966, P.L. 1580, 19 P.S. §§ 1180–1 *et seq.*

■ Application of this standard to the instant case defeats appellee's assertion of ineffectiveness of counsel. Although it is undisputed that the self-defense instruction read to the jury was defective,[2] the effect of such error was harmless beyond a reasonable doubt since appellee did not produce sufficient evidence to have warranted a self-defense instruction in the first place.

Pursuant to 18 Pa.C.S. § 505(a):

The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of lawful force by such other person on the present occasion.

Additionally a claim of self-defense is further proscribed by the following conditions:

(1) The slayer must have been free from fault in provoking or continuing the difficulty which resulted in the killing;

(2) The slayer must have reasonably believed that he was in imminent danger of death or great bodily harm, and that there was a necessity to kill in order to save himself therefrom;

(3) The slayer must not have violated any duty to retreat or avoid the danger.

*Commonwealth v. Black,* 474 Pa. 47, 376 A.2d 627 (1977); *Commonwealth v. Myrick,* 468 Pa. 155, 360 A.2d 598 (1976); *Commonwealth v. Cropper,* 463 Pa. 529, 345 A.2d 645 (1975).

■ Instantly, the standards necessary for a successful self-defense claim were clearly not met. Appellee herein was never threatened in any manner by the random victim Samuel McCrae. To the contrary, Mr. McCrae's fatal step was walking in the vicinity where an altercation had just occurred between appellee and a number of other individuals. While appellee did not testify at trial he did make two

---

**2.** The instruction as read impermissibly placed the burden of proof on the defendant for establishing the existence of his asserted defense.

statements to the police, indicating that the unarmed victim was two car lengths away when he shot him. This would clearly negate any assertion that a physical attack was immediately forthcoming. Further, there was no evidence that the hapless Mr. McCrae offered or posed any threat of any kind to appellee or anyone. Indeed, to suggest from the evidence presented that he did is a pure gratuity and the source of an error complained of by the Commonwealth. Having failed to prove that a self-defense instruction was warranted at all, an attorney's failure to challenge a defective self-defense charge does not constitute ineffectiveness.

The Commonwealth asserts that the Superior Court erred by *sua sponte* considering an issue not raised by the parties. Specifically they assert that the Superior Court should not have reversed on the basis that the jury should have been instructed on the theory of defense of others.

In his appeal to the Superior Court appellee's challenge regarding the defective self-defense charge did not include the allegation that a defense of others charge should have been given. The Superior Court therefore exceeded its bounds in considering the issue. "It is of course elementary that issues not preserved for appellate review or, even if preserved at the trial level, not raised by a party to an appeal, will not be considered by an appellate court." *Commonwealth v. McKenna*, 476 Pa. 428, 437, 383 A.2d 174, 179 (1978). Since there was no evidence presented which would have justified an instruction on this issue, counsel's failure to raise the issue there cannot be labeled as ineffectiveness. The victim herein did not threaten the driver or other occupant of the vehicle in which appellee was driving. Also, appellee, being in an automobile, was in a position where he could retreat had he chosen to do so. In order to successfully invoke a "defense of other" claim the same standards which are required for self-defense must be met. Under the evidence here a request for such a charge was neither sustainable nor required.

In light of our disposition the decision of the Superior Court is reversed and the judgment of sentence of the

Court of Common Pleas of Philadelphia, Criminal Division, reinstated.

NIX, C.J., files a concurring opinion.

NIX, Chief Justice, concurring.

I concur in the result reached by the majority solely because there is no basis in the evidence in the instant case for a charge on the use of force either in self protection, 18 Pa.C.S. § 505, or for the protection of other persons, 18 Pa.C.S. § 506.