COMMONWEALTH of Pennsylvania, Appellee,

v.

Todd CLINGER, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 27, 2003.
Filed Sept. 29, 2003.

Kyle W. Rude, Williamsport, for appellant.

Michael T. Hudock, Asst. Dist. Atty., Middleburg, for Com., appellee.

BEFORE: MUSMANNO and GRACI, JJ., and McEWEN, P.J.E.

OPINION BY McEWEN, P.J.E.:

¶ 1 Appellant, Todd J. Clinger, appeals from the judgment of sentence to serve a sentence of from twenty years to forty years imprisonment, which was imposed by the trial judge following his guilty plea to the crime of conspiracy to commit third degree murder. We are constrained to vacate the judgment of sentence, and remand this case for further proceedings.

¶ 2 Appellant and his brother were arrested on March 8, 2001, and charged with multiple offenses arising out of a severe beating that was inflicted upon Michael Aucker on March 6, 2001. Following the beating, the unconscious victim was taken to his mobile home, placed on a sofa, and abandoned. Through the intervention of friends, the victim received necessary medical treatment, and survived the beating.

¶ 3 Appellant was ultimately charged[1] with criminal attempt to commit homicide,[2] aggravated assault,[3] simple assault,[4] recklessly endangering another person,[5] and criminal conspiracy to commit each of the aforementioned offenses.[6]

¶ 4 Appellant and his brother proceeded to a jury trial on December 17, 2001. On the first day of trial the Commonwealth presented part of its case-in-chief. Prior to commencement of the second day of trial, however, appellant elected to plead guilty to a charge of conspiracy to commit third-degree murder, in return for an agreement by the Commonwealth to recommend a sentence in the standard range of the sentencing guidelines, to file writs of *nolle prosequi* on the remaining charges, and to honor certain plea agreements with the other members of appellant's family. At a hearing held on December 18, 2001, the trial court received a written guilty plea colloquy completed and signed by appellant, conducted an oral colloquy, and accepted the terms of the plea agreement. Prior to sentencing, however, appellant

1. Appellant's brother and father were also charged with various offenses related to the assault.

2. 18 Pa.C.S. § 901(a), 18 Pa.C.S. § 2501(a).

3. 18 Pa.C.S. § 2702(a)(1).

4. 18 Pa.C.S. § 2701(a)(1).

5. 18 Pa.C.S. § 2705.

6. 18 Pa.C.S. § 903(a)(1) and (2).

filed a *pro se* motion to withdraw his guilty plea. New counsel was appointed and a hearing on the withdrawal motion was held on March 14, 2002. The trial court denied the motion, ruling that appellant had failed to offer "compelling reasons" in support of the motion. Appellant was thereafter sentenced to a term of imprisonment of from twenty to forty years, and ordered to pay restitution to the victim as well as the costs of prosecution. This appeal followed.

¶ 5 Appellant, in the brief which he has submitted to this Court, presents the following questions for our review:

> Whether the trial court erred by not allowing appellant to withdraw his guilty plea which was entered following one day of trial, with his request for withdrawal being prior to sentencing?
>
> Whether appellant's sentence was manifestly excessive in light of the fact that he was sentenced to the guideline maximum?

We need only address the first question, since the sentencing issue is rendered moot by our decision to vacate and remand.

¶ 6 Pennsylvania Rule of Criminal Procedure 591 establishes that "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). When we examine a ruling of the trial court on a motion to withdraw a guilty plea, we review both the exercise of discretion, as well the application of the law. *See e.g.: Commonwealth v. Rosario*, 545 Pa. 4, 679 A.2d 756 (1996). In the watershed decision of *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973), our Supreme Court held that where, as here, a defendant has filed a presentence motion to withdraw a guilty plea

"the test to be applied by the trial courts is fairness and justice." *United States v. Stayton*, [408 F.2d 559, 561 (3d Cir. 1969)]. If the trial court finds "any fair and just reason," withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been "substantially prejudiced."

*Commonwealth v. Forbes, supra*, at 191, 299 A.2d at 271 (other citations omitted). *See: Commonwealth v. Randolph*, 553 Pa. 224, 230, 718 A.2d 1242, 1245 (1998), (reaffirming the Supreme Court's adherence to the *Forbes* standards).

¶ 7 Consequently, in light of the *Forbes* standard, we must first ascertain whether there existed a "fair and just reason" for permitting appellant to withdraw his guilty plea. In his motion to withdraw his guilty plea, appellant specifically averred that he was "not guilty of the charges [sic] to which he pled." In his brief submitted to this Court he has argued that the trial court erred in denying his motion, and in support thereof he cites to, *inter alia*, his "assertion of innocence." The circumstances surrounding that assertion are evident in the following exchange that occurred during the guilty plea proceeding:

> THE COURT: Did you, in fact, commit the offense to which you are pleading guilty, the charge of criminal conspiracy to commit murder in the third degree?
>
> [APPELLANT]: No, I feel that I didn't.
>
> THE COURT: Okay.
>
> [APPELLANT'S COUNSEL]: Your Honor, if I could have a few minutes to speak with my client.
>
> THE COURT: Go ahead.
>
> [APPELLANT'S COUNSEL]: Your Honor, I think we've clarified the situation. As I've explained to my client, and as he understands and as we understand, and I think everybody notes here the idea of intent, my— my client has a

problem with. However, as I've told him, in murder of the third degree, guilt can be implied by malice, and that potentially a jury could say well, even if Todd Clinger didn't intend to kill Michael Aucker, he entered into a plan with his brother, Troy, to beat up Michael Aucker; and that beating was so vicious that there's a malice there, that there's a disregard for human life, and therefore, that that would justify that sentence.

And my client's plea here today is that yes, he— he did enter into an agreement with his brother; they did agree to beat Michael Aucker; the beating was rough enough that Mr. Aucker potentially could have died from it; and that yes, there was a certain malice involved, that there was— it could be implied that there was a regard— a disregard for human life.

I think what Todd Clinger is concerned by— is leaving the impression that he intended to kill Michael Aucker. So I think everybody's on the same page here. I think it's just a problem of clarification. And I think that's been resolved.

THE COURT: Do you understand all of that, Mr. Clinger?

[APPELLANT]: Yes, sir.

THE COURT: And is that explanation and approach satisfactory of the Commonwealth?

[COMMONWEALTH COUNSEL]: *That is, Your Honor, and is consistent with the case law.*

THE COURT: Knowing what [your attorney] has just explained, and *I think he's accurately stated the law,* did you, in fact, commit the offense to which you are pleading guilty?

[APPELLANT]: Yes, sir.

N.T. December 18, 2001, at pp. 14–16 (emphasis supplied).

¶ 8 While it is obvious from this exchange that, as the Commonwealth argues, appellant ultimately retreated from his initial assertion of innocence and admitted culpability, it is equally obvious from a review of the entire record that appellant, given an opportunity to reflect upon his plea, refused to acknowledge that at the time of the assault he possessed the mental state that would justify a conviction for the crime of conspiracy to commit third-degree murder. Moreover, as shall be more fully explained, it is clear that defense counsel, in convincing appellant to abandon his position, misstated the law—a misstatement that was endorsed by the prosecutor, and accepted by the presiding judge.

¶ 9 The law is clear that in order to sustain the entry of a guilty plea the reviewing court must be satisfied that "the facts acknowledged by the defendant constitute a prohibited offense," and that "the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Fluharty,* 429 Pa.Super. 213, 632 A.2d 312, 313 (1993) (citations omitted). *See:* Comment to Pa.R.Crim.P. 590.

¶ 10 Appellant here entered a plea of guilty to the crime of "criminal conspiracy to commit murder in the third degree." Under the unique facts of this case, however, we are compelled to the conclusion that it was impossible under the law to commit the crime of conspiracy to commit murder in the third degree, and that, as a result, appellant actually pleaded guilty to an offense that did not exist and, therefore, a crime that did not occur.

¶ 11 The offense of conspiracy is defined in the Crimes Code as follows:

A person is guilty of conspiracy with another person or persons to commit a crime if *with the intent of promoting or facilitating its commission* he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903(a) (emphasis added). The offense of murder of the third degree is defined in the Crimes Code as follows:

All other kinds of murder [referring to murder of the first and second degree] shall be murder of the third degree.

18 Pa.C.S. § 2502(c). This latter definition has been brightly illuminated by abundant case law, including the terse declaration by this Court that "[t]hird degree murder is a killing done with malice that *is neither intentional* nor committed in the course of a felony." *Commonwealth v. Tolbert*, 448 Pa.Super. 189, 670 A.2d 1172, 1179 (1995), *appeal denied*, 548 Pa. 617, 693 A.2d 588 (1997), *cert. denied*, 522 U.S. 891, 118 S.Ct. 230, 139 L.Ed.2d 162 (1997) (emphasis added). Thus, the essence of third degree murder is a homicide which occurs as the unintended consequence of a malicious act. *See: Commonwealth v. Yanoff*, 456 Pa.Super. 222, 690 A.2d 260, 264 (1997), *appeal denied*, 548 Pa. 681, 699 A.2d 735 (1997) (malice exists "where the Principal acts in gross deviation from the standard of reasonable care, failing to perceive that such actions might create a substantial and unjustifiable risk of death or serious bodily injury."). *See also: Commonwealth v. Kellam*, 719 A.2d 792, 797 (Pa.Super.1998), *appeal denied*, 559 Pa. 714, 740 A.2d 1145 (1999).

¶ 12 Since a conviction for conspiracy requires an intention to promote or facilitate the commission of a crime, the crime that is the object of the conspiracy must *either* be intended to be accomplished, *or* have been accomplished. In the present case, since the crime of third degree murder was not accomplished, appellant could only be guilty of conspiracy to commit a crime if he intended that crime to be accomplished. Logic dictates, however, and this Court has recognized, that it is impossible for one to intend to commit an unintentional act. *Commonwealth v. Spells*, 417 Pa.Super. 233, 612 A.2d 458, 461 n. 5 (1992), *appeal dismissed*, 537 Pa. 350, 643 A.2d 1078 (1994) ("an attempt to commit second or third degree murder would seem to require proof that a defendant *intended* to perpetrate an *unintended* killing—which is logically impossible").

¶ 13 Therefore, since there was no factual basis upon which to support the crime of conspiracy to commit third degree murder, appellant's plea of guilty to such a crime could have been neither entered nor accepted under the law. Thus, there clearly existed a fair and just reason to warrant the withdrawal of appellant's plea.

■ ¶ 14 Since we have found that a fair and just reason existed to support appellant's request for withdrawing his guilty plea, we turn our attention to the question of whether the Commonwealth would have suffered "substantial prejudice" by the trial court's grant of the defendant's presentence withdrawal of his guilty plea. *Commonwealth v. Forbes, supra.* We are mindful, as we consider this question that the Commonwealth in its appellate brief does not claim that it would have been substantially prejudiced by the grant of appellant's motion. Nor do we think that such a claim would have been valid. Appellant filed his motion to withdraw within ten days of the entry of his plea. All of

the Commonwealth's key witnesses, which included the victim, police and rescue personnel, and the co-defendant's fiancée, remained accessible to the Commonwealth. Moreover, almost all of the Commonwealth's evidence was memorialized and preserved,[7] and would have been admissible, pursuant to 42 Pa.C.S. § 5917,[8] even if a witness had suddenly become unavailable.[9] Therefore, given these facts, there was no basis to support a finding that the Commonwealth would have been substantially prejudiced by granting appellant's motion to withdraw. *See e.g.: Commonwealth v. Middleton*, 504 Pa. 352, 357–358, 473 A.2d 1358, 1360–1361 (1984); *Commonwealth v. McLaughlin*, 469 Pa. 407, 366 A.2d 238 (1976); *Commonwealth v. Miller*, 748 A.2d 733, 736 (Pa.Super.2000); *Commonwealth v. David*, 327 Pa.Super. 441, 476 A.2d 34, 38 (1984). *Compare: Commonwealth v. Cole*, 387 Pa.Super. 328, 564 A.2d 203 (1989) (Commonwealth's key witness had left the jurisdiction after guilty plea had been accepted).

¶ 15 We, therefore, conclude that appellant's motion to withdraw his guilty plea should have been granted.[10]

¶ 16 Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

¶ 17 GRACI, J., Files a Dissenting Opinion.

---

7. During the hearing on appellant's motion to withdraw, counsel for the Commonwealth characterized his remaining evidence as "three fairly insignificant witnesses." N.T. March 14, 2002, p. 43.

8. Section 5917 of the Judicial Code provides in relevant part:

    Whenever any person has been examined as a witness, either for the Commonwealth or for the defense, in any criminal proceeding conducted in or before a court of record, and the defendant has been present and has had an opportunity to examine or cross-examine, if such witness afterwards dies, or is out of the jurisdiction so that he cannot

**DISSENTING OPINION BY GRACI, J.:**

¶ 1 I respectfully dissent from the majority's determination that Appellant pleaded guilty to a crime for which there was no factual basis. In my view, the majority has improperly based its decision on an issue not raised by Appellant in the trial court or on appeal.

¶ 2 "It is of course elementary that issues not preserved for appellate review or, even if preserved at the trial level, not raised by a party to an appeal, will not be considered by an appellate court." *Commonwealth v. McKenna*, 476 Pa. 428, 383 A.2d 174, 179 (1978). *See also* Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."). "Implicit in this concept is another cardinal rule of appellate jurisprudence in this state, viz., an appellate court is not to raise sua sponte issues which it perceives in the record where, as here, those issues are not presented at the appeal level." *McKenna*, 383 A.2d at 180. *See also Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) (abrogating "basic and fundamental error" doctrine in criminal matters).

¶ 3 Although arising in a civil proceeding, the above principles are best illustrat-

---

be effectively served with a subpoena, or if he cannot be found, or if he becomes incompetent to testify for any legally sufficient reason properly proven, notes of his examination shall be competent evidence upon a subsequent trial of the same criminal issue....
42 Pa.C.S. § 5917.

9. Thus, there is no present impediment to prosecuting appellant in a new trial.

10. Although appellant has not argued that a guilty plea to a nonexistent crime was void *ab initios*, such an argument, whether based on logic or sounding in due process, would be worthy of careful study.

ed in *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975). In that case, this Court considered, *sua sponte*, the constitutionality of certain provisions of the Commonwealth's divorce statute. In reversing our decision, the Pennsylvania Supreme Court took the opportunity to remind this Court of the scope of its authority:

> The Superior Court by sua sponte deciding the constitutional issue exceeded its proper appellate function of deciding controversies presented to it. The court thereby unnecessarily disturbed the processes of orderly judicial decisonmaking. Sua sponte consideration of issues deprives counsel of the opportunity to brief and argue the issues and the court of the benefit of counsel's advocacy.

Id. at 257. *See also McKenna*, 383 A.2d at 180 (citing *Wiegand* with approval); *Commonwealth v. Simmons*, 504 Pa. 565, 475 A.2d 1310, 1313 (1984) (finding that Superior Court exceeded its bounds by considering *sua sponte* whether "defense of others" charge should have been given where appellee argued only that trial court's self-defense charge was defective).

¶ 4 Here, Appellant argues that he should have been permitted to withdraw his guilty plea for a number of reasons.[11] One of these reasons, discussed more fully in the lead opinion, is Appellant's claim that during his oral colloquy he asserted his innocence to the charge that formed the basis of his negotiated guilty plea: conspiracy to commit third-degree murder. Brief of Appellant, at 14. The majority acknowledges, based upon Appellant's own prior testimony, that he ultimately retreated from his initial assertion of innocence

and admitted culpability. Were we to adhere to this Court's proper appellate function our inquiry would end here.

¶ 5 Instead, the majority proceeds to make the following observations based upon its own review of the record:

> Under the unique facts of this case, however, we are compelled to the conclusion that it was impossible under the law to commit the crime of conspiracy to commit murder in the third degree, and that, as a result, appellant actually pleaded guilty to an offense that did not exist and, therefore, a crime that did not occur.

Majority Opinion, at 795. The majority also concludes that "it is clear that defense counsel, in convincing appellant to abandon his position, misstated the law—a misstatement that was endorsed by the prosecutor, and accepted by the presiding judge." *Id.* at 795.

¶ 6 There is nothing in the record before this Court or the brief filed on Appellant's behalf to suggest that he has ever raised the issues identified by the majority or that the trial court had occasion to address those issues. Appellant may have attempted to assert his innocence to conspiracy to commit third-degree murder, however that is vastly different from arguing that the offense was not, in fact, a crime. Nor has Appellant argued that prior counsel rendered ineffective assistance by advising him to plead guilty to a non-existent crime. It is simply inappropriate for the majority to raise such a claim on Appel-

---

11. In support of his withdrawal motion, Clinger argued that his guilty plea was not entered knowingly, intelligently and voluntarily due to: (1) the influence of medications he was taking for depression and mood swings, (2) pressure to secure favorable treatment for his brother and father, (3) a promise by the Commonwealth to incarcerate Clinger in physical proximity to his brother, (4) confusing statements by the trial court regarding the possible penalties and Clinger's burden should he choose to withdraw his plea, and (5) the alleged assertion of innocence discussed in text.

lant's behalf and then conclude that counsel was ineffective for misstating the law.[12]

¶ 7 The present case illustrates why this Court should refrain from raising issues *sua sponte*. By doing so, and then rendering a decision on those very grounds, the majority has effectively usurped the role of the trial court in the disposition of this matter. *See Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 308 (1998) (noting importance of trial court opinion to process of appellate review). The majority has also deprived the Commonwealth, and, to a lesser extent, Appellant, of the opportunity to brief and argue the issues identified as dispositive. Having neither the benefit of counsel's advocacy, nor a trial court opinion addressing the pertinent issues, I fail to see how the majority can offer its opinion as a fair and reasoned decision.[13]

¶ 8 Since I am unable to join the majority's disposition, I am compelled to address the claims advanced by Appellant. In my view, Appellant failed to offer a fair and just reason for withdrawing his guilty plea (and the majority has exceeded the bounds of this Court's appellate function by offering its own fair and just reason on Appellant's behalf). The trial court committed no abuse of discretion in denying Appellant's presentence motion to withdraw his plea. Accordingly, I would affirm the judgment of sentence.[14]

12. Assuming Appellant had raised an ineffective assistance claim, we would be precluded from reviewing such a claim on direct appeal. *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726, 738 (2002) ("[A]s a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review."). It is most troubling that the majority is apparently willing to circumvent the deferral rule announced only recently in *Grant* by *sua sponte* addressing prior counsel's performance.

13. Though I would not presently review this issue, I recognize that failing to do so presently would not leave Appellant without recourse. In the event Appellant wished to challenge either the lawfulness of his guilty plea, or counsel's assistance with respect thereto, he could pursue such claims in a timely petition for post-conviction collateral relief. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii) (pertaining to ineffective assistance of counsel claims), (iii) (relating to unlawfully induced guilty pleas). *See also Commonwealth ex. rel. Dadario v. Goldberg*, 565 Pa. 280, 773 A.2d 126 (2001) (holding that ineffective assistance of counsel claims arising from plea-bargaining process are eligible for review under the PCRA).

14. In his second issue on appeal, Appellant argues that his sentence was manifestly excessive and that the trial court failed to consider his rehabilitative needs, treated the offense as if the victim had not survived, and punished Appellant for seeking to withdraw his guilty plea. It is well-settled that an appellant who challenges the discretionary aspects of a sentence must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P. 2119(f). Appellant has failed to include a Rule 2119(f) statement and the Commonwealth has noted its objection to that omission. Since " 'we may not reach the merits of [the] claims' where the Commonwealth has object[ed] to the omission of the [Rule 2119(f)] statement,' " *Commonwealth v. Farmer*, 758 A.2d 173, 182 (Pa.Super.2000), *appeal denied*, 565 Pa. 637, 771 A.2d 1279 (2001) (citation omitted), I would find that Appellant has waived his discretionary sentencing claims.