J.A21014/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :      IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                    Appellee     :
                                          :
                  v.             :
                                          :
BRANDON STALEY,                  :
                                          :
                  Appellant    :        No. 980 EDA 2014

Appeal from the PCRA Order February 27, 2014
In the Court of Common Pleas of Delaware County
Criminal Division No(s).: CP-23-CR-0002362-2009

BEFORE: ALLEN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:            **FILED JULY 21, 2015**

    *Pro se* Appellant, Brandon Staley, appeals from the order entered in the Delaware County Court of Common Pleas dismissing his first Post Conviction Relief Act[1] ("PCRA") petition. He claims his PCRA counsel was ineffective by, *inter alia*, not challenging plea counsel's stewardship regarding various issues and that the PCRA court erred by not recognizing that **Commonwealth v. Clinger**, 833 A.2d 792 (Pa. Super. 2003), controlled the outcome of his case. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

We adopt the facts and procedural history as set forth in the PCRA court's opinion. **See** PCRA Ct. Op., 4/30/14,[2] at 1-4. We add that the criminal complaint has the following handwritten statement at the end: "5/5/09 complaint amended to add 903 to 2501 conspiracy to murder (2 counts) E. Courtney." Criminal Compl., 1/6/09, at 4. A conspiracy to commit third degree murder charge was then listed in form AOPC 501A-99, dated 6/17/09, and form AOPC 501B-09, also dated 6/17/09. The criminal information also charged Appellant with conspiracy to commit third degree murder. Criminal Information, 6/25/09. On August 20, 2009, Appellant filed an omnibus pretrial motion referencing the charges, including conspiracy to commit third degree murder charge. Appellant's Omnibus Pre-Trial Mot., 8/20/09, at 1. Appellant did not otherwise move to strike or dismiss the charge.

At the negotiated guilty plea hearing, the following exchange transpired:

> [Appellant]: Yes, but I—from my presumption, I thought a Third Degree doesn't carry Conspiracy.
>
> The Court: Pardon?
>
> [Appellant]: I thought the Third Degree don't carry a Conspiracy.
>
> [Commonwealth]: It's a Conspiracy to Murder charge.

---

[2] The opinion was docketed on this date, notwithstanding a typewritten "FILED: 4/29/14" on the opinion itself.

The Court: It's a Conspiracy . . .

[Commonwealth]: And that's . . .

The Court: . . . to Murder generally, okay? So—and in addition to the agreement, there has to be some overt act. For example, if you drove somewhere. And—or—it—for the purpose of committing the object crime. You don't actually have to carry the crime out. You just have to have—either you or your co-conspirator committed an overt act in furtherance of the object conspiracy. Do you understand that?

[Appellant]: Um-hum.

N.T. Guilty Plea Hr'g, 1/21/10, at 11-12. The court accepted the plea and sentenced him to the negotiated sentence of twenty seven and one-half to fifty-five years' imprisonment. **Commonwealth v. Staley**, 497 EDA 2010, at 2 (Pa. Super. Mar. 14, 2011) (unpublished memorandum).

On direct appeal, Appellant claimed he did not understand the charges against him and his plea was made under duress.[3] **Id.** at 1-2. This Court affirmed, **see id.**, and our Supreme Court denied Appellant's petition for allowance of appeal on September 26, 2011. **See Commonwealth v. Staley**, 298 MAL 2011 (Pa. Sept. 26, 2011). Appellant did not file a petition for *certiorari* with the High Court.

On August 17, 2012, Appellant timely filed a *pro se* PCRA petition alleging, *inter alia*, that plea counsel was ineffective by negotiating a guilty

---

[3] Appellant did not pursue a claim that conspiracy to third degree murder was a legal impossibility on direct appeal. **Staley**, **supra**, at 4 n.4.

- 3 -

plea for the nonexistent crime of conspiracy to commit third degree murder. Appellant's *Pro Se* Mem. of [Law] in Support of PCRA Pet., 8/17/12,[4] at 2-3.

PCRA counsel was appointed, and he successfully moved for numerous extensions of time to file an amended PCRA petition "as he awaited guidance from the Pennsylvania Supreme Court in **Commonwealth v. Fisher**, 80 A.3d 1186 (Pa. 2013)." PCRA Ct. Op. at 3-4. After **Fisher** was decided, PCRA counsel filed several **Turner**/**Finley**[5] no-merit letters and applications to withdraw on November 15, 2013, December 20, 2013, and January 28, 2014.

On January 31, 2014, the court granted PCRA counsel's motion to withdraw and issued a notice of intent to dismiss per Pa.R.Crim.P. 907. Appellant filed his *pro se* response to the Rule 907 notice on February 11, 2014.[6] On February 27, 2014, the court formally dismissed Appellant's first PCRA petition. Appellant timely appealed, and the court did not order him to comply with Pa.R.A.P. 1925(b), but filed a responsive opinion.

---

[4] This date reflects the docketing date, as the record did not include an envelope, postmark, or any other indication of when Appellant mailed the petition. **See generally Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (discussing prisoner mailbox rule).

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] The docket reflects that on February 4, 2014, Appellant filed a *pro se* motion for leave to file an amended PCRA petition and an amended PCRA petition, but the certified record did not include either pleading. Docket, 5/1/14, at 8.

Appellant filed with this Court a *pro se* application for remand to have the trial court supplement the record with documents that purportedly would substantiate his contention that the trial court constructively added the conspiracy to commit third degree murder charge. Appellant's Mot. for Remand to Supplement R., 3/19/15. This Court denied the motion without prejudice for Appellant to challenge any deficiencies in the certified record in his appellate brief. Order, 4/14/15.

Appellant raises the following issues:

Ineffective assistance of counsel in violation of Appellant's right to counsel guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States:

(i) PCRA counsel was ineffective for failing to file amended PCRA petition where a meritorious issue of appellant being induced to plead guilty to non-cognizable offense at the time plea was entered and accepted by the court;

(ii) PCRA counsel was ineffective for failing to raise direct appeal counsel ineffectiveness for failing to raise trial counsel's ineffectiveness for failing to raise trial courts [sic] error, due to legal innocence of Appellant to criminal conspiracy charges.

(iii) PCRA counsel was ineffective for failing to properly layer direct appeal counsel's ineffectiveness for failing to raise trial court error, for constructively amending charges during guilty plea colloquy, where trial court informed Appellant the conspiracy charge was for murder generally and not third degree murder, and lack of subject matter jurisdiction, causing Appellant to plead guilty unknowingly;

(iv) PCRA counsel was ineffective for failing to properly layer direct appeal counsel's ineffectiveness for failing to challenge the factual basis for guilty plea, where

Commonwealth failed to establish underlying criminal act, to conspiracy to commit third degree murder?

PCRA court erred in dismissing PCRA petition and failing to rule on amended PCRA petition filed of record raising ex-post facto violation of applying *Fisher* ruling to Appellant's PCRA proceedings, where at time of plea and sentencing *Clinger* was controlling precedential case?

PCRA court erred and abused it's [sic] discretion by dismissing PCRA petition without a hearing based on PCRA counsel's no-merit letter, relying on *Fisher*, where Appellant's sentence was final and *Fisher* was not declared to be retroactive to cases on collateral review, and failing to address amended PCRA petition?

Appellant's Brief at 4. Appellant's *pro se* response to the court's Rule 907 notice raised no additional issues.

We summarize all of Appellant's arguments together, as they are interrelated. At heart, Appellant contends that *Clinger* was in effect at the time of his plea, and pursuant to *Clinger*, the crime of conspiracy to commit third degree murder did not exist. Further, the subsequent *Fisher* decision by the Pennsylvania Supreme Court should not control disposition of this case, Appellant asserts, because it "was not declared to be retroactive . . . to cases on collateral review." *Id.* at 8. He maintains that the offense simply cannot exist as it is "logically impossible." *Id.* at 11. Appellant argues the court improperly amended the charge to include conspiracy to commit third degree murder at the time he entered his guilty plea. He claims the certified record did not include documents substantiating his contention regarding the court's improper amendment. Appellant opines that because the trial court

misplaced but ultimately located and transmitted the signed guilty plea statement to this Court, it does not exist for purposes of appellate review and thus, he should be permitted to withdraw his plea. Accordingly, Appellant claims all prior counsel were ineffective. We hold Appellant is not due relief.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1267 (Pa. 2008) (citation omitted).

> [C]ounsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. To demonstrate prejudice, an appellant must prove that a reasonable probability of acquittal existed but for the action or omission of trial counsel. A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. Further, a PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.

***Commonwealth v. Perry***, 959 A.2d 932, 936 (Pa. Super. 2008) (punctuation and citations omitted).

This Court set forth the applicable law regarding counsel's stewardship during guilty plea colloquies:

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the

defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to manifest injustice. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute manifest injustice.

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. . . . Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (punctuation and citations omitted).

In *Commonwealth v. Eller*, 807 A.2d 838 (Pa. 2002), our Supreme Court addressed whether *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999), "established a new rule of [PCRA] procedure that cannot be applied 'retroactively'" to the defendant's case. *Eller*, 807 A.2d at 839. The *Eller* Court explained that because *Lantzy* construed the statutory language of the PCRA, it did not create a new rule:

[I]in deciding *Lantzy*, this Court was not fashioning a judicial rule of criminal or post-conviction procedure to decide the case. Instead, this Court construed the terms of a **statute**, the PCRA. As Madame Justice Newman noted in her recent unanimous opinion in *Fiore v. White*, 562 Pa. 634, 757 A.2d 842, 847 (2000), "[n]ot every opinion creates a new rule of law." This is particularly so when the opinion involves the construction of a statute, and it either adopts a view of the statute "which was not wholly without precedent," *id.*; *see also McCloskey v. WCAB*, 501 Pa. 93, 460 A.2d 237, 239 n. 3 (1983) (decisions that do not "articulate a new rule but merely rel[y] upon a statutory interpretation which [is] not wholly without precedent, . . . are treated as relating back to the

original statute because they are nothing more than interpretations of existing legislation"), or it involves this Court's first opportunity to construe the disputed provision. *Fiore*, 757 A.2d at 848. With respect to the latter circumstance, which was the circumstance facing the Court in *Lantzy*, the *Fiore* Court noted:

> There can be no change to statutory law when there has been no amendment by the legislature and no prior decision by this Court. Only the legislature has the authority to promulgate legislation. Our role is to interpret statutes as enacted by the [General] Assembly. We affect legislation when we affirm, alter, or overrule our prior decisions concerning a statute or when we declare it null and void, as unconstitutional. Therefore, when we have not yet answered a specific question about the meaning of a statute, our initial interpretation does not announce a new rule of law. Our first pronouncement on the substance of a statutory provision is purely a clarification of existing law.
>
> *Id. See also Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312–13, 114 S. Ct. 1510, 128 L. Ed. 2d 274 (1994) ("judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."); *Buradus v. General Cement Prods. Co.*, 356 Pa. 349, 52 A.2d 205, 208 (1947) ("[i]n general, the construction placed upon a statute by the courts becomes a part of the act, **from the very beginning**") (emphasis in original).

*Eller*, 807 A.2d at 844.

In *Fisher*, our Supreme Court addressed "whether conspiracy to commit third degree murder is a cognizable offense." *Fisher*, 80 A.3d at 1190. The *Fisher* Court initially discussed the statutory language from the Crimes Code and case law defining the elements for conspiracy and third degree murder. Our Supreme Court then cited almost four decades of

appellate case law affirming convictions for conspiracy to commit third degree murder. *Id.* at 1192-93 ("Our review of Pennsylvania case law regarding conspiracy to commit third degree murder reveals convictions for this crime have long been recognized as valid."). The *Fisher* Court, however, acknowledged the sole, aberrant case of *Clinger*, which vacated the defendant's conviction for conspiracy to commit third degree murder as a legal impossibility. *Fisher*, 80 A.3d at 1193. Our Supreme Court, however, essentially overruled *Clinger* and reaffirmed that conspiracy to commit third degree murder is a long recognized, cognizable offense. *Id.* at 1192-93, 1195.

Instantly, the *Fisher* Court construed the statutory language for conspiracy and third degree murder and thus authoritatively stated the meaning of the statute prior to and subsequent to *Fisher*. *See Eller*, 807 A.2d at 844 (citing *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312-13; *Buradus v. Gen. Cement Prods. Co.*, 52 A.2d at 208). Thus, similar to the *Eller* Court, *Fisher* did not create a new rule of law, but merely interpreted the preexisting conspiracy and third degree murder statutes. *See Eller*, 807 A.2d at 844. Such an interpretation, bolstered by almost a half-century of near-unanimous precedent, merely reaffirmed a longstanding understanding that conspiracy to commit third degree murder is a cognizable offense. *See id.* Thus, *Fisher* has no retroactive effect. *See id.*

We add that the record belies Appellant's claim that the court amended the charges against him at the guilty plea colloquy to include a conspiracy to commit third degree murder, as sufficient documentation exists that the charge predated his colloquy. **See, e.g.**, Criminal Information. Further, we have reviewed the circumstances surrounding his guilty plea colloquy and conclude it was constitutionally sound.[7] **See Bedell**, 954 A.2d at 1212-13. Because Appellant's issues lack arguable merit, we cannot hold that his plea and PCRA counsel were ineffective for, *inter alia*, causing him to enter an involuntary plea. **See Perry**, 959 A.2d at 936; **Bedell**, 954 A.2d at 1212.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2015

---

[7] There is no merit to Appellant's assertion that we should not consider his signed guilty plea statement because it was lost, but then ultimately found and transmitted to this Court. **See generally** Pa.R.A.P. 1926(b)(1).

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA | Trial Court Docket No.  CP-23-CR--2362-09

v. | Superior Court No.  980  EDA 2014

BRANDON D. STALEY |

William R. Toal, III, Esquire, Assistant District Attorney for the Commonwealth
Brandon Staley, *pro se*

## OPINION

NILON, J.                                                    FILED: 4/29/14

This is an appeal of the dismissal of Brandon D. Staley's first Post Conviction

Relief Act ("PCRA") petition after submission of a <u>Finley</u> "no merit" letter by PCRA

Counsel and an independent review of the record by the Trial Court. Appellant claims,

*inter alia,* that he tendered his negotiated guilty plea under duress. Appellant's

contentions are meritless.

## I.    FACTUAL AND PROCEDURAL HISTORY:

This is an appeal from this Court's Order of February 27, 2014 denying

Appellant's Post Conviction Relief Act Petition. The nature and history of the case are as

follows:

The Appellant, Brandon D. Staley, was arrested and charged with the murder of

Michael P. Jackson which took place on January 2, 2009, at 3:30 p.m. in front of the New

Chester Deli at 60 West 9th Street in Chester, Delaware County, Pennsylvania. The

Affidavit of Probable Cause attached to the Criminal Complaint alleged as follows[1]: three

---

[1] The parties stipulated to the facts in the case that formed the factual basis for Appellant's guilty plea.
(N.T. pp.18-21).

SERVICE BY FIRST CLASS MAIL
AND
INTEROFFICE MAIL

witnesses observed Appellant shoot the victim multiple times. The first witness went to the Chester Police Department and asked to speak to the detectives assigned to the shooting. He stated that on January 2, 2009, he was with a friend on 9th Street and they were talking to another friend, Michael P. Jackson, a/k/a "Sexy Chocolate". As they were walking home, his friend realized that she did not have her cell phone. When he arrived home, he called Jackson and asked him about the cell phone. While he was on the phone, his sister's boyfriend, Appellant Staley, grabbed the phone and spoke with Jackson. They agreed to meet. The witness and Appellant drove to 9th Street to meet Jackson. Appellant left the car and went into the New Chester Deli. The witness saw Appellant talking to Jackson, and saw Jackson push Appellant. Then, Appellant pulled out his gun and went crazy shooting Jackson at least six times. Appellant fled the scene in a car. The second witness confirmed the above and stated she was forced at gun-point to drive Appellant from the scene. She drove away and Appellant jumped out of the car and fled the area in an unknown direction. A third witness observed Appellant at the Deli talking with Jackson, then Appellant grabbed Jackson's phone and began to walk away. Jackson then began to walk toward Appellant. Appellant pulled out his gun and shot Jackson multiple times. Each witness positively identified Appellant as the shooter in a photo array. Police found Mr. Jackson at the scene suffering from nine gunshot wounds and he was taken to Crozer-Chester Medical Center. Two hours later, Mr. Jackson was pronounced dead at Crozer Chester Medical Center.

On March 19, 2009, the Appellant was arrested by United States Marshals inside a hotel room in Laurel, Maryland.

2

On June 16, 2009, a Preliminary Hearing was conducted by Magisterial District Justice Dawn Vann and all charges were held over to the Court of Common Pleas. On June 25, 2009, the Appellant was arraigned. On January 21, 2010, Appellant entered a negotiated guilty plea to Murder in the Third Degree,[2] Conspiracy to Commit Murder,[3] and Possessing an Instrument of Crime[4]. Appellant was sentenced as follows: Information A, Murder in the third degree, 20 years to 40 years SCI; Information B, count 2, Conspiracy to commit Murder of the third degree, 7-1/2 to 15 years to run consecutively to Information A; and on Information D, Possessing an Instrument of Crime, 1 to 2 years, to run concurrently with the sentence imposed under Informations A and B2. The Appellant is to receive credit for time served. (N.T. 1/21/10 pp.25-26).

On February 18, 2010, Appellant filed a timely direct appeal. Appellant sought to withdraw his guilty plea because he claimed it was neither knowing nor voluntary in that he did not understand the nature and consequences of his plea. He also claimed it was entered into under duress as he did not have adequate time to review the evidence against him and was not informed of the possible sentences he faced. On March 14, 2011, the Superior Court affirmed his judgment of sentence. On September 28, 2011, Appellant's Petition for Allowance of Appeal was denied by the Pennsylvania Supreme Court.

On August 17, 2012, Appellant filed a *pro se* PCRA petition. On September 13, 2012, Mr. Stephen Molineux, Esquire was appointed to represent Appellant and to file an amended PCRA within sixty days. Court-appointed counsel, Mr. Stephen Molineux, Esquire, requested numerous extensions to file an amended Post Conviction Relief Act

---

[2] 18 P.S. § 2502.
[3] 18 P.S. § 903.
[4] 18 P.S. § 907.

3

Petition as he awaited guidance from the Pennsylvania Supreme Court in <u>Commonwealth</u> <u>v. Fisher,</u> 80 A.3d 1186 (Pa. 2013) on one of the Appellant's PCRA issues.

<u>Fisher</u> held that conspiracy to commit third-degree murder was a cognizable offense in Pennsylvania. Accordingly, Appellant's claims that his counsel was ineffective because he allowed Appellant to plead guilty to conspiracy to commit third-degree murder, asserting that it was not a cognizable offense, were without merit.

On November 15, 2013, Mr. Molineux, Esquire, filed his initial no merit letter. On December 20, 2013, counsel filed a numeric letter superseding the November filing. On January 28, 2014, Mr. Molineux, Esquire, filed a more detailed letter advising that the PCRA petition was devoid of merit and filed an application to withdraw pursuant to <u>Pennsylvania v. Finley,</u> 481 U.S. 551 (1987), and <u>Commonwealth v. Turner,</u> 544 A.2d 927 (Pa. 1988). Appellant was served with a copy of the Application to Withdraw Appearance.

On January 31, 2014, the Court issued a notice of intent to dismiss the petition without a hearing. On February 4, 2014, the Appellant filed an "Amended Pro Se Petition". On or about February 14, 2014, the Appellant filed *pro se* objections to the Court's notice. On February 27, 2014, the Court denied the PCRA petition without a hearing.

On March 26, 2014, Appellant filed a timely notice of appeal to the Superior Court from the denial of his PCRA petition.

The following issues are raised by Appellant as outlined in Mr. Molineux's Application to Withdraw:

4

1. Whether conspiracy to commit third-degree murder is a non-cognizable crime and therefore it was ineffective for his counsel to allow him to enter a guilty plea to a nonexistent crime?

2. Whether Appellant's guilty plea was made under duress?

3. Whether defendant's sentencing guidelines were incorrectly calculated, and counsel was ineffective for not objecting to preserve issue for appeal?

## II. DISCUSSION:

The issues raised by Appellant in his PCRA petition are without merit. The PCRA petition was dismissed without a hearing because a thorough review of the pleadings and the record shows that there are no genuine issues concerning any material fact, and no purpose would be served by further proceedings. Pa.R.Crim.P. 907.

The standard of review of a PCRA court's dismissal of a PCRA petition is limited to a determination of whether the PCRA court's conclusion is supported by the evidence of record and free of legal error. Commonwealth v. Boyer, 962 A.2d 1213, 1214 (Pa. Super 2008).

The PCRA provides relief for petitioners whose convictions resulted from ineffectiveness of counsel. 42 Pa.C.S. § 9543 (a)(2)(ii). The test for determining whether counsel was ineffective is composed of three prongs. Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987); citing Strickland v. Washington, 466 U.S. 668 (1984). Petitioner must prove: (1) that the claim(s) are of arguable merit, (2) that counsel had no reasonable strategic basis for his action or inaction, and (3) prejudice, i.e., but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. Id.; see also Commonwealth v. Kimball, 724

A.2d 326, 333 (Pa. 1999). The failure to satisfy any prong of Pierce's three-part test will cause the claim to fail. Commonwealth v.Gonzalez, 858 A.2d at 1222 (Pa. Super. 2004).

The law presumes counsel has rendered effective assistance, and it is the petitioner's burden to prove otherwise. 42 Pa.C.S. § 9543 (a)(2)(ii); Commonwealth v. Gonzalez, 858 A2.d 1219, 1222 (Pa. Super. 2004), appeal denied, 871 A.2d 189 (Pa. 2005). The petitioner must prove the ineffectiveness by a preponderance of the evidence. 42 Pa.C.S. § 9543; Commonwealth v. Banks, 656 A.2d 467, 469 (Pa. 1995). The reasonableness of counsel's decisions cannot be based on a distorted hindsight review. Commonwealth v. Saranchak, 866 A.2d 292, 304 (Pa. 2005).

The threshold inquiry in ineffectiveness claims is whether the basis for counsel's action or inaction, which forms the basis for the ineffectiveness claim, is of arguable merit. Commonwealth v. Pierce, 645 A.2d 189, 194 (Pa. 1994). Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim. Commonwealth v. Poplawski, 852 A.2d 323, 327 (Pa. Super. 2004).

Once the threshold inquiry is met, the "reasonable basis" test is used to "determine whether counsel's chosen course was designed to effectuate his client's interest. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective." Commonwealth v. Pierce, 645 A.2d 189, 194-195 (Pa. 1994).

The petitioner bears the burden during PCRA proceedings of proving all elements of ineffective assistance, including prejudice. Commonwealth v. Spotz, 870 A.2d 822, 834 (Pa. 2005). The test for prejudice at the PCRA stage is more exacting than the harmless error standard applied on direct appeal. Id.

6

PCRA counsel is not required to perform a broad extra-record investigation where the record belies the petitioner's factual allegations, the petitioner offers no facts to support his claim, and counsel is therefore able to conclude that the issues petitioner seeks to raise have no merit. See, Commonwealth v. Porter, 556 Pa. 301, 728 A.2d 890 (1999). Furthermore, bald, undeveloped allegations fail to satisfy Appellant's burden of establishing entitlement to PCRA relief when such allegations are mere boilerplate constitutional claims. Commonwealth v. Hall, 872 A.2d 1177 (Pa. 2005); Commonwealth v. Washington, 880 A.2d 536 (Pa. 2005).

In order for PCRA counsel to withdraw, a request to withdraw must be accompanied by a "no merit" letter, which details the nature and extent of PCRA counsel's review, lists each issue the petitioner wished to have reviewed, and explains why the petitioner's issues are meritless. In the case *sub judice*, the Court determined that PCRA counsel's Finley "no merit" letter was issued in compliance with the provisions set forth in Pennsylvania v. Finley, 481 U.S. 551 (1987), and Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988). In Finley, the United States Supreme Court held that a PCRA petitioner is entitled to an independent review of the record by competent counsel. Finley, 481 U.S. 551. The independent review was described more fully by the Pennsylvania Superior Court in Turner, wherein the court opined that counsel had to present a "no merit" letter detailing the nature and extent of counsel's review and listing each issue petitioner wished to have raised and explaining why the issues were meritless. Commonwealth v. Turner, 479 A.2d 568, 569-570 (Pa.Super. 1984).

This Court conducted its own independent review of the record and agrees with counsel that the petition was meritless. See, Turner, 544 A.2d at 928.

7

Pennsylvania Rule of Criminal Procedure 907 (1) provides in relevant part:

If the judge is satisfied from...review [of a PCRA petition] that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

This rule applies when, as here, criminal defendants who are dissatisfied with the terms of their guilty pleas assert baseless claims of ineffectiveness. *See* Commonwealth v. Morrison, 878 A.2d 102, 109 (Pa. Super. 2005) (post-conviction petitioner was not entitled to hearing on his PCRA petition in absence of genuine issue concerning any material fact, where a Petitioner was not entitled to relief as matter of law and no manifest injustice would result from refusal to allow petitioner to withdraw his guilty plea).

Allegations of ineffective assistance in connection with the entry of a guilty plea will entitle the petitioner to relief only if the ineffectiveness caused him to enter an involuntary or unknowing plea. Commonwealth v. Fears, 836 A.2d 52, 60 (Pa. 2003) (*citing* Commonwealth v. Allen, 732 A.2d 582, 587 (Pa. 1999)). To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." Commonwealth v. Pollard, 830 A.2d 517, 522 (Pa. Super. 2003).

Guided by these standards, the court turns to Appellant's claims of ineffectiveness.

1. **Appellant claims that Conspiracy to Commit Third-Degree Murder is a non-cognizable crime and therefore it was ineffective for his counsel to allow him to enter a guilty plea to a non-existent crime.**

8

Appellant seeks to withdraw his guilty plea for several reasons. Initially, Appellant's main argument is that Conspiracy to Commit Third Degree Murder is a non-cognizable crime and therefore it was ineffective for his counsel to allow him to enter a guilty plea to a non-existent crime.

Several of Appellant's other arguments flow from his basic premise that Conspiracy to Commit Third Degree Murder was a non-cognizable crime, including that counsel was ineffective for failing to challenge this charge and that the sentence for this charge was illegal since it stems from a non-existent crime. Appellant's claims that stem from this assertion are without merit. The Pennsylvania Supreme Court has held that Conspiracy to Commit Third-Degree Murder is a cognizable offense, abrogating Commonwealth v. Clinger, 833 A.2d 792. Commonwealth v. Fisher, 80 A.3d 1186 (Pa. 2013). Accordingly, Appellant's claims that his counsel was ineffective because counsel allowed him to plead guilty to Conspiracy to Commit Third Degree Murder, asserting that it is not a cognizable offense, are without merit.

## 2. Appellant claims that his guilty plea was made under duress.

Appellant seeks to withdraw his guilty plea to Third-Degree Murder because he alleges that the guilty plea was entered under duress for a number of reasons. Appellant felt he had no choice but to enter the guilty plea even though he asserts his innocence. Appellant asserts that his plea counsel was in possession of a statement of an eyewitness Donya McCoy Johnson, who labeled the victim as the aggressor. Also, plea counsel was in possession of the toxicology report which showed that the victim had a BAC of .10% and supported the Appellant's self defense theory. Moreover, all of Appellant's claims

9

regarding the involuntariness of his guilty plea were already litigated in the Pennsylvania Superior Court and the plea was found to be voluntary.

Appellant's direct appeal sought to withdraw his guilty plea and contended that his guilty plea was not entered knowingly, voluntarily, and intelligently. He also claimed that the guilty plea was entered under duress as he did not have the time to review the evidence against him and was not informed of the possible sentences he faced. The Superior Court rejected his arguments and found that his guilty plea was knowing, intelligent and voluntary. See Commonwealth v. Staley, No. 497 EDA 2010, pp.4-5 (Pa. Super. 2011) (unpublished opinion). Thus, these issues fail because of the PCRA's prohibition against raising "previously litigated" issues. 42 Pa.C.S.§§9543(a), 9544(a)(2). An issue is "previously litigated" if "the highest appellate court in which the Petitioner could have had review as a matter of right"-in this case, the Superior Court- "has ruled on the merits of the issue." Thus, the voluntariness of the plea issue is barred as "previously litigated."

### 3. Appellant claims that his trial counsel was ineffective for not challenging the use of incorrect sentencing guidelines.

Appellant's claim that his counsel was ineffective for failing to object to the use of incorrect sentencing guidelines is without merit. Appellant claims that his sentencing guidelines were calculated to make him a (revoc) repeat violent offender when in fact he had one prior misdemeanor offense at the time of sentencing which made his prior record score a zero (0).

A review of the applicable sentencing guideline forms indicates that, contrary to Appellants' claim, the guidelines were calculated based on Appellant having a zero (0)

10

prior record score. As a result, the sentence Appellant received was based upon an accurately calculated sentencing guideline form. Appellant's claim of incorrect sentencing guidelines is frivolous.

## III. CONCLUSION:

For the foregoing reasons, the court's order denying Appellant's PCRA petition should be affirmed.

BY THE COURT:

JAMES F. NILON, JR., J.

11