J-S33045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC ARMS | |
| Appellant | No. 2958 EDA 2014 |

Appeal from the PCRA Order October 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006895-2008,
MC-51-0015843-2008

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 12, 2015**

Eric Arms appeals from the order of the Court of Common Pleas of Philadelphia County dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm.

The PCRA court has set forth the relevant facts of this matter as follows:

> [Arms'] convictions arose out of an incident that occurred on March 20, 2008.  On that date, Maurice Shaw drove into a gas station located at 57th and Walnut Streets with his cousin, Ronnel James.  [Arms], who was at the gas station at the time, saw Shaw as Shaw walked up to him.  Shaw told [Arms] not to go anywhere and then reached under his shirt. [Arms], who had problems with Shaw in the past and was aware that Shaw was known to do "things" like that thereby implying that Shaw was reaching into his shirt for a weapon, grabbed a knife from his car and fatally stabbed Shaw four times; twice in the back and twice in the chest. [Arms] thereafter surrendered to police.

PCRA Court Opinion, 1/16/15, at 2.

On November 3, 2009, Arms was convicted of third-degree murder[1] and possessing instruments of crime,[2] following a bench trial before Judge Carolyn E. Temin. On March 2, 2010, Judge Temin imposed an aggregate sentence of eighteen to forty-five years' incarceration. Arms then filed a notice of appeal to this Court and on February 24, 2011, we issued a memorandum and order affirming the judgment of sentence. *Commonwealth v. Arms*, 24 A.3d 463 (Pa. Super. 2011) (unpublished memorandum). The Pennsylvania Supreme Court denied allowance of appeal on September 14, 2011. *Commonwealth v. Arms*, 29 A.3d 370 (Pa. 2011) (unpublished memorandum).

Arms filed a *pro se* PCRA petition on June 26, 2012. Counsel was appointed and, on October 3, 2013, filed an amended petition. A hearing was held on September 12, 2014, and on October 14, 2014, the PCRA court entered an order dismissing the petition without an evidentiary hearing.

On October 14, 2014, Arms filed a timely notice of appeal to this Court, in which he raises the following issue:

> The PCRA court erred in determining that trial counsel was not ineffective for failing to buttress [Arms'] self-defense theory by presenting evidence of decedent's arrests for violent crimes and for failing to present evidence of decedent's violent character.

_____

[1] 18 Pa.C.S. § 2502(c).

[2] 18 Pa.C.S. § 907(a).

Appellant's Brief, at 8.

Our standard of review of an order dismissing a PCRA petition is as follows:

> [I]n reviewing the propriety of an order granting or denying PCRA relief, we are limited to determining whether the evidence of record supports the determination of the PCRA court, and whether the ruling is free of legal error. Great deference is granted to the findings of the post-conviction court, and these findings will not be disturbed unless they have no support in the certified record.

***Commonwealth v. Payne***, 794 A.2d 902, 905 (Pa. Super. 2002).

Arms argues that his trial counsel failed to buttress his self-defense theory by not presenting evidence of Shaw's arrests for violent crimes and for failing to present evidence of Shaw's violent character. Arms claims that had trial counsel presented more evidence of Shaw's violent tendencies, he could have proven that he was in reasonable fear of death or great bodily harm, which could have led to a not guilty verdict. Therefore, Arms believes his trial counsel was ineffective.

Arms' self-defense claim relies on well-settled law that proscribes the following conditions:

> (1) The slayer must have been free from fault in provoking or continuing the difficulty which resulted in the killing;
>
> (2) The slayer must have reasonably believed that he was in imminent danger of death or great bodily harm, and that there was a necessity to kill in order to save himself therefrom;
>
> (3) The slayer must not have violated any duty to retreat or avoid the danger.

*Commonwealth v. Simmons*, 475 A.2d 1310, 1313 (Pa. 1984) (citations omitted).

In a claim for ineffectiveness of counsel, the law presumes that trial counsel was effective. *Commonwealth v. Rios*, 920 A.2d 790, 805 (Pa. 2007). "In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Payne*, 794 A.2d at 905 (quotation marks omitted) (citing 42 Pa.C.S.A. § 9543 (a)(2)(ii)).

In order to succeed on an ineffectiveness of counsel claim, "[a]ppellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him." *Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013). "Counsel cannot be deemed ineffective for failing to pursue a meritless claim." *Payne*, 794 A.2d at 906. "An assessment of this prong requires appellant to establish each *Pierce* prong with respect to trial counsel's performance; failure to establish any one of the prongs concerning trial counsel will defeat the entire claim." *Commonwealth v. Williams*, 863 A.2d 505, 513 n.9 (Pa. 2004) (citations omitted).

Arms argues that counsel should have introduced Shaw's criminal record in order to prove Shaw's violent character. Whether this claim has

merit is predicated on whether Shaw's criminal record was admissible. In order for the deceased victim's criminal record to be admissible, the defendant must use it either:

> (1) to corroborate his alleged knowledge of the victim's quarrelsome and violent character to show that the defendant reasonably believed that his life was in danger; or (2) to prove the allegedly violent propensities of the victim to show that the victim was in fact the aggressor."

***Commonwealth v. Amos***, 284 A.2d 748, 751 (Pa. 1971). This Court has held that, "where offered merely to prove the allegedly violent propensities of the victim to show that the victim was in fact the aggressor, mere arrests, without convictions, are inadmissible." ***Commonwealth v. Ignatavich***, 482 A.2d 1044, 1047 (Pa. Super. 1984) (quotation marks and citations omitted).

Here, while Shaw had been arrested for multiple violent crimes, he had only been convicted of the crimes of disorderly conduct and drug possession. Only these two convictions, and not the full arrest record, would be admissible under ***Ignatavich***. However, since neither of these two convictions demonstrate a violent propensity in Shaw, his criminal record would be inadmissible. Accordingly, this claim is meritless.

Arms also argues that trial counsel should have called witnesses from the neighborhood in order to testify to Shaw's violent character to bolster Arms' self-defense claim. To prevail on a claim of ineffective assistance of counsel for failing to call witnesses, Arms must show:

(1) the existence and availability of the witness; (2) counsel's awareness of, or duty to know of, the witness; (3) the willingness and ability of the witness to cooperate and appear on behalf of the defendant; and (4) the necessity of the proposed testimony in order to avoid prejudice.

*Commonwealth v. Pierce*, 786 A.2d 203, 214 (Pa. 2001). Here, Arms has failed to produce a single witness who could testify to Shaw's purported violent tendencies. Without proving the existence and availability of the witness, Arms' claim lacks merit.

Regarding trial counsel's alleged failure to call Arms to testify to Shaw's violent character, we will "conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Davido*, 106 A.3d 611, 621 (Pa. 2014) (quotation marks and citations omitted).

Here, trial counsel testified that he believed that if Arms testified, the district attorney, on cross-examination, would have made Arms look like a very aggressive person. N.T. PCRA Hearing, 9/12/14, at 26-27. This was a reasonable basis for trial counsel to decide not to have Arms testify, as evidenced by the fact that Arms punched trial counsel in the head after the verdict. N.T. Trial, 11/3/09, at 136. Accordingly, trial counsel had reasonable basis not to have Arms testify and Arms' argument fails here as well.

Moreover, trial counsel's failure to introduce certain character evidence about Shaw, did not prejudice Arms. To establish prejudice, Arms must

show that "there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. *Davido*, 106 A.3d at 621 (citations omitted).

Here, trial counsel presented evidence that Shaw was a violent person. Counsel introduced evidence, through Detective Mangold, that Arms and Shaw "had problems in the past." N.T. Trial, 11/3/09, at 104. Counsel also introduced evidence that Shaw had a reputation for carrying a weapon. *Id.* at 95, 106, 108. Finally, counsel presented evidence that Shaw had shot at Arms the night before the stabbing. *Id.* at 110. The trial court heard considerable evidence regarding Shaw's violent character and therefore, Arms was not prejudiced by his trial counsel's failure to introduce certain character evidence about Shaw's violent nature.

Arms has failed to establish that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Payne*, *supra*.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/12/2015