J. S35007/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JERRELL WILLIAMS, | : | No. 899 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 12, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0009274-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND MUSMANNO, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:           **FILED MAY 10, 2016**

Jerrell Williams appeals from the November 12, 2014 judgment of sentence in the Court of Common Pleas of Philadelphia County following his conviction of possession of a controlled substance with intent to deliver.[1] ("PWID")  We vacate and remand.

The Commonwealth charged appellant with PWID and knowing and intentional possession of a controlled substance[2] on May 16, 2014.  On November 12, 2014, appellant and the Commonwealth entered a negotiated plea agreement.  Appellant agreed to plead guilty to one count of PWID, and the Commonwealth agreed to **_nolle prosse_** the simple possession charge.

---

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

The trial court accepted the plea deal and sentenced appellant to the negotiated sentence of 6-23 months' imprisonment followed by 3 years' probation. Appellant received credit for time served and was paroled immediately.

On November 19, 2014, appellant filed a post-sentence motion which was denied by operation of law on March 19, 2015, pursuant to Pa.R.Crim.P. 720(B)(3)(a). On March 27, 2015, appellant filed a notice of appeal. The trial court did not order appellant to produce a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the trial court did not issue an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue on appeal:

> Did not the lower court err by failing to allow appellant to withdraw his guilty plea where the plea was not knowing, intelligent, or voluntary as evidenced by the deficient, two-question guilty plea colloquy?

Appellant's brief at 3.

When considering post-sentence motions for the withdrawal of a guilty plea, we are held to the following standard:

> "[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices." [*Commonwealth v. Flick*, 802 A.2d 620, 623 (Pa.Super. 2002).] A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. *Id.*, citing *Commonwealth v. Gunter*, 565 Pa. 79, 771 A.2d 767 (2001); [*Commonwealth v. Kirsch*, 930 A.2d 1282, 1284 (Pa.Super. 2007)].

> "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." *Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa.Super. 2002), citing *Commonwealth v. Persinger*, 532 Pa. 317, 615 A.2d 1305 (1992). In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. *Commonwealth v. Flanagan*, 578 Pa. 587, 854 A.2d 489, 500 (2004). A deficient plea does not *per se* establish prejudice on the order of manifest injustice. *Commonwealth v. Carter*, 540 Pa. 135, 656 A.2d 463 (1995); *Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000 (1996), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997).

*Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa.Super. 2009), *appeal denied*, 992 A.2d 885 (Pa. 2010).

> As discussed above, to establish manifest injustice, Appellant must show that his plea was entered in an involuntary, unknowing, or unintelligent manner. [*Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa.Super. 1999).] To ascertain whether Appellant acted in such manner, we must examine the guilty plea colloquy. The colloquy must inquire into the following areas: "(1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence." *Commonwealth v. Burkholder*, 719 A.2d 346, 349 n. 5 (Pa.Super. 1998) (citation omitted). This Court evaluates the adequacy of the guilty plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa.Super. 1998).

*Commonwealth v. Muhammad*, 794 A.2d 378, 383-384 (Pa.Super. 2002).

The comment to Rule 590 of the Pennsylvania Rules of Criminal Procedure states:

> It is advisable that the judge conduct the examination of the defendant. However, paragraph (A) does not prevent defense counsel or the attorney for the Commonwealth from conducting part or all of the examination of the defendant, as permitted by the judge.[3] In addition, nothing in the rule would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings. ***This written colloquy would have to be supplemented by some on-the-record oral examination.*** Its use would not, of course, change any other requirements of law, including these rules, regarding the prerequisites of a valid guilty plea or plea of ***nolo contendere***.

Pa.R.Crim.P. 590, Comment (emphasis added).

In the instant appeal, the record reflects that the following constituted the entire oral plea colloquy:

THE COURT: Mr. Williams -- (inaudible).

THE DEFENDANT: Yes, she did.

THE COURT: Do you understand it?

THE DEFENDANT: Yes, I do, sir.

THE COURT: Let me hear the facts . . .

---

[3] Paragraph (A) requires that all pleas be taken in open court. Pa.R.Crim.P. 590(A).

Notes of testimony, 11/12/15 at 3.[4]

The oral colloquy conducted by the trial court does not meet the minimum requirements set forth by Rule 590. While the written guilty plea colloquy does cover the six factors as enumerated above by ***Burkholder***, during the oral colloquy, the trial court only addressed ***one*** of the six factors--the factual basis for the plea.[5] At no point during the oral colloquy did the trial court ascertain on the record whether appellant's plea was "understanding and voluntary" pursuant to Rule 590. Moreover, during the oral colloquy, the trial court did not determine whether appellant was aware of the nature of the charges against him, that he was giving up his right to a trial by jury, that he was giving up the presumption of innocence, and that he was aware of the maximum penalties for the crimes to which appellant was pleading guilty.

We, therefore, find that the record fails to support the conclusion that appellant's guilty plea was knowing, intelligent, and voluntary, and as a result, a manifest injustice occurred in this case. Accordingly, we vacate the

---

[4] The Commonwealth speculates that the inaudible question was a confirmation by the court that appellant's attorney "had reviewed the written plea colloquy with him," to which he replied, "Yes, she did." (Commonwealth's brief at 7 n.1.) Such speculation, even if founded, does not support the conclusion that appellant's guilty plea was knowing, intelligent, and voluntary.

[5] We note that while the trial court failed to address its ability to reject any negotiated sentence during the oral colloquy, this factor is not an issue in this appeal because the trial court accepted appellant's negotiated plea agreement, and sentenced him accordingly.

judgment of sentence and remand this case to the trial court for further proceedings.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2016