J-S37039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAMUEL LOUIS WHEELER | |
| Appellant | No. 1831 WDA 2015 |

Appeal from the Judgment of Sentence October 22, 2015
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000564-2015

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 07, 2016**

Samuel Louis Wheeler appeals from the judgment of sentence entered in the Court of Common Pleas of Butler County.  On appeal, Wheeler challenges the voluntariness of his negotiated guilty plea.  After our review, we affirm.

Wheeler was charged with eight counts of aggravated assault,[1] five counts of criminal attempt (homicide),[2] three counts of assault of law enforcement officer,[3] one count of former convict not to own a firearm,[4] two

_____

[1] 18 Pa.C.S. § 2702(a)(1), (a)(2), (a)(6).

[2] 18 Pa.C.S. § 901(a), 2501(a)(1).

[3] 18 Pa.C.S. § 2702.1(a).

[4] 18 Pa.C.S. § 6105(a)(1).

counts of criminal attempt (burglary),[5] five counts of terroristic threats,[6] ten counts of recklessly endangering another person (REAP),[7] and five counts of simple assault.[8]

On August 25, 2015, Wheeler entered a guilty plea before the Honorable William Shaffer. On September 22, 2015, Wheeler filed a motion to withdraw his guilty plea, but subsequently withdrew that motion on October 7, 2015. On October 22, 2015, the court sentenced Wheeler to an aggregate sentence of 13-30 years' imprisonment.

On October 30, 2015, Wheeler filed a post-sentence motion to withdraw his guilty plea, which the trial court denied. This appeal followed. Wheeler raises two issues for our review:

1. Whether the Trial Court Erred in Failing to Grant Post-Sentence Motion to Withdraw Wheeler's Guilty Plea Based on the Involuntary Nature Due to Wheeler's Mental State?

2. Whether the Trial Court Erred in Denying the Post-Sentence Motion to Withdraw Wheeler's Guilty Plea Based on Involuntary Nature Due to Coercion to Enter the Plea?

Appellant's Brief, at 7.

---

[5] 18 Pa.C.S. § 901(a)(3); 3502(a)(1).

[6] 18 Pa.C.S. § 2706(a)(1).

[7] 18 Pa.C.S. § 2705.

[8] 18 Pa.C.S. § 2701(a)(3).

There is no absolute right to withdraw a guilty plea. ***Commonwealth v. Flick***, 802 A.2d 620, 623 (Pa. Super. 2002), citing ***Commonwealth v. Forbes***, 299 A.2d 268, 271 (Pa. 1973). Nevertheless, "prior to the imposition of sentence, a defendant should be permitted to withdraw his plea for 'any fair and just reason,'" provided there is no substantial prejudice to the Commonwealth. ***Commonwealth v. Kirsch,*** 930 A.2d 1282, 1284–85 (Pa. Super. 2007), quoting ***Forbes***, 299 A.2d at 271 (Pa. 1973). However, a post-sentence motion to withdraw a guilty plea is "subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices." ***Flick***, 802 A.2d at 623. If a court denies a post-sentence motion to withdraw, a defendant must demonstrate "manifest injustice." ***Id.***, citing ***Commonwealth v. Gunter***, 771 A.2d 767 (Pa. 2001); ***Kirsch***, 930 A.2d at 1284.

> "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa. Super. 2002), citing ***Commonwealth v. Persinger***, 532 Pa. 317, 615 A.2d 1305 (1992). In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. ***Commonwealth v. Flanagan***, 578 Pa. 587, 854 A.2d 489, 500 (2004). A deficient plea does not per se establish prejudice on the order of manifest injustice. ***Commonwealth v. Carter***, 540 Pa. 135, 656 A.2d 463 (1995); ***Commonwealth v. Yager***, 454 Pa. Super. 428, 685 A.2d 1000 (1996), appeal denied, 549 Pa. 716, 701 A.2d 577 (1997).

***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa. Super. 2009).

Wheeler argues that his mental condition precluded him from entering a voluntary and intelligent plea. He also claims that there were no questions

with respect to his mental condition at the oral guilty plea colloquy or in the written colloquy. Wheeler further contends his reluctance to enter the plea was evident from his prior pre-sentence filing of a motion to withdraw, which he later withdrew.

The comment to Pennsylvania Rule of Criminal Procedure 590 states, in its comment:

> At a minimum the judge should ask questions to elicit the following information:
>
> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?
>
> (7) Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally?

Pa.R.Crim.P. 590 - Comment. **See also Commonwealth v. Willis**, 369 A.2d 1189 (Pa. 1977); **Commonwealth v. Ingram**, 316 A.2d 77 (Pa.

1974); **Commonwealth v. Martin**, 282 A.2d 241, 244-45 (Pa. 1971). A reviewing court evaluates the adequacy of the guilty plea colloquy and the voluntariness of the resulting plea by examining "the totality of the circumstances surrounding the entry of that plea." **Commonwealth v. Prendes**, 97 A.3d 337, 352 (Pa. Super. 2014). "*Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise*." **Id.** (emphasis added) (citations omitted).

At the guilty plea colloquy, Wheeler was asked each of the above questions. Additionally, Wheeler was questioned as to whether he was under the influence of any drugs or alcohol that would impair his ability to make a decision or testify, to which he replied, "No." **See** Guilty Plea Proceeding, 10/7/15, at 4. He was also asked whether he was "knowingly and voluntarily entering this plea agreement of [his] own free will," to which he replied, "Yes." **Id.** at 10. Wheeler testified that no one had coerced him or threatened him. **Id**. The court reiterated this question later in the colloquy. **Id**. at 13. Further, Wheeler's counsel acknowledged that a mental health report had been prepared.[9] **Id.** at 11. At the conclusion of the

---

[9] Although both parties allude to a mental health evaluation dated June 15, 2015, which is included in the reproduced record, that report has not been included in the certified record on appeal. "[A]any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing
*(Footnote Continued Next Page)*

colloquy, the court reviewed Wheeler's written guilty plea colloquy with him. Wheeler acknowledged that his counsel reviewed each page with him, that he initialed each page, and that he signed the colloquy form of his "own free will[.]" *Id.* at 11. As the Commonwealth points out, the trial court had full opportunity to observe Wheeler's demeanor. Wheeler did not exhibit confusion or misunderstanding, he answered each question clearly and appropriately, and he displayed no hesitation in his responses. Other than his bald claim of mental incapacity, Wheeler has failed to establish that he was unaware of what he was doing or incapable of voluntarily entering a plea.

After our review of the record and the circumstances here, we conclude that Wheeler's plea was voluntary and knowing and that Wheeler has therefore failed to meet his burden of establishing manifest injustice.

*(Footnote Continued)* ——————

documents in a brief or in the reproduced record. *Commonwealth v. Kennedy*, 868 A.2d 582, 593 (Pa. Super. 2005).

> [U]nless the trial court certifies a document as part of the official record, the appellate judiciary has no way of knowing whether that piece of evidence was duly presented to the trial court or whether it was produced for the first time on appeal and improperly inserted into the reproduced record. Simply put, if a document is not in the certified record, the Superior Court may not consider it.

*Commonwealth v. Preston*, 907 A.2d 1, 7 (Pa. Super. 2006), citing *Commonwealth v. Walker*, 878 A.2d 887, 888 (Pa. Super. 2005).

**Broadan**, **supra**. We affirm the order denying his post-sentence motion to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/7/2016</u>