J. S44011/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PAUL BROWN, | : | No. 3104 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, August 18, 2015,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0000363-2015

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 11, 2016**

Paul Brown appeals from the August 18, 2015 judgment of sentence entered by the Lehigh County Court of Common Pleas as the result of his conviction of criminal use of a communications facility.[1]  We affirm.

The trial court provided the following factual and procedural history:

> On [August 27, 2015, appellant] filed Post Sentence Motions in the form of a Motion for Reconsideration of Sentence and a Motion to Withdraw Guilty Plea.  The relevant facts are as follows:  On July 8, 2015, [appellant] entered a plea of guilty to one (1) count of Criminal Use of a Communications Facility.  Pursuant to the negotiated plea agreement, the minimum sentence was not to exceed the standard range of the sentencing guidelines and there was no opposition to a County Sentence.  A Pre-Sentence Investigation report was ordered.  On August 18, 2015, [appellant] was sentenced to an aggregate term of imprisonment of

---

[1] 18 Pa.C.S.A. § 7512(a).

> not less than one and [one] half (1½) years nor more than five (5) years in a state correctional facility. Thereafter, on August 27, 2015, [appellant] filed the within Post Sentence Motions pursuant to Pennsylvania Rule of Criminal Procedure Rule 720. A hearing was conducted on [appellant's] motion on September 15, 2015.

Trial court opinion, 11/16/15 at 1-2.

The trial court denied appellant's motion on September 16, 2015. On October 15, 2015, appellant filed a timely notice of appeal. The trial court ordered appellant to produce a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on October 19, 2015, and appellant complied on November 9, 2015. On November 16, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

> 1. Did the lower court err and abuse its discretion when it denied [appellant's] motion to withdraw his guilty plea?
>
> 2. Did the lower court err and abuse its discretion when it denied [appellant's] motion to reconsider sentence?

Appellant's brief at 6.

When considering post-sentence motions for the withdrawal of a guilty plea, we are held to the following standard:

> "[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices." [**Commonwealth v. Flick**, 802 A.2d 620, 623 (Pa.Super. 2002).] A defendant must demonstrate that manifest injustice would result if the court were

to deny his post-sentence motion to withdraw a guilty plea. ***Id.***, citing ***Commonwealth v. Gunter***, 565 Pa. 79, 771 A.2d 767 (2001); [***Commonwealth v. Kirsch***, 930 A.2d 1282, 1284 (Pa.Super. 2007)]. "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa.Super. 2002), citing ***Commonwealth v. Persinger***, 532 Pa. 317, 615 A.2d 1305 (1992). In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. ***Commonwealth v. Flanagan***, 578 Pa. 587, 854 A.2d 489, 500 (2004). A deficient plea does not ***per se*** establish prejudice on the order of manifest injustice. ***Commonwealth v. Carter***, 540 Pa. 135, 656 A.2d 463 (1995); ***Commonwealth v. Yager***, 454 Pa.Super. 428, 685 A.2d 1000 (1996), ***appeal denied***, 549 Pa. 716, 701 A.2d 577 (1997).

***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa.Super. 2009), ***appeal denied***, 992 A.2d 885 (Pa. 2010).

As discussed above, to establish manifest injustice, Appellant must show that his plea was entered in an involuntary, unknowing, or unintelligent manner. [***Commonwealth v. Stork***, 737 A.2d 789, 790 (Pa.Super. 1999).] To ascertain whether Appellant acted in such manner, we must examine the guilty plea colloquy. The colloquy must inquire into the following areas: "(1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence." ***Commonwealth v. Burkholder***, 719 A.2d 346, 349 n. 5 (Pa.Super. 1998) (citation omitted). This Court evaluates the adequacy of the guilty plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***Commonwealth v. Lewis***, 708 A.2d 497, 501 (Pa.Super. 1998).

*Commonwealth v. Muhammad*, 794 A.2d 378, 383-384 (Pa.Super. 2002).

> The law does not require that an appellant be pleased with the results of the decision to enter a guilty plea; rather "[a]ll that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Moser*, 921 A.2d 526, 528-29 (Pa.Super. 2007).
>
> A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled. *Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa.Super. 2001).

*Commonwealth v. Brown*, 48 A.3d 1275, 1277-1278 (Pa.Super. 2012),

*appeal denied*, 63 A.3d 773 (Pa. 2013).

Appellant avers that he never understood the nature of the plea agreement. (Appellant's brief at 11.) This allegation is belied by the record. During the guilty plea hearing, the following facts were read into the record and acknowledged by appellant:

> THE COURT: All right. I'll hear the facts.
>
> [THE COMMONWEALTH]: Your Honor, between the month of October 1st and October 31st of last year, 2014, Agents with the Office of the Attorney General obtained Orders from the Superior Court to intercept the telephone lines of Luis Oquendo, Jose Santana, and a Juhad Keyes.
>
> A number subscribed to Mr. Brown appeared on Mr. Oquendo's line and conversations were intercepted by those Agents between Mr. Oquendo and Mr. Brown that the Agents interpreted as relating to the delivery of cocaine.

- 4 -

> Those conversations -- excuse me -- those intercepts were, I would say, approximately four to five during the course of the month.
>
> THE COURT: Is that what you did?
>
> [APPELLANT]: Yes, ma'am.
>
> THE COURT: You used the telephone to commit crime.
>
> [APPELLANT]: Yes, ma'am. I was, um, at the present time I wasn't here in Pennsylvania. I was in North Carolina. And, um, ***an associate that I knew called me asking me for some drugs and I referred him to somebody else, so, yes, ma'am.***

Notes of testimony, guilty plea, 7/8/15 at 6-7 (emphasis added).[2]

At his sentencing hearing, appellant avers that his acceptance of the guilty plea was the result of a "misunderstanding," and that the plea had "nothing to do with the sale, distribution of cocaine." (Appellant's brief at 12; notes of testimony, sentencing, 8/18/15 at 6-7.) After consultation with defense counsel during a court recess, appellant later acknowledged "plead[ing] out [] referring to a phone call that [he] made for someone else . . .." (***Id.*** at 9.)

Because appellant is bound by the statements he made during the guilty plea colloquy, we, therefore, find that the record supports the conclusion that appellant's guilty plea was knowing, intelligent, and

---

[2] During the guilty plea hearing, appellant, when asked by the trial court if he had any questions regarding his rights or the charge against him, answered, "No, ma'am. I understand my wrongdoing and I'm just here to own up to it." (Notes of testimony, 7/8/15 at 6-7.)

voluntary, and as a result, a manifest injustice did not occur in this case. Accordingly, we find that appellant's first issue has no merit.

In appellant's second issue for our review, appellant requests that we review his sentence imposed by the trial court.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010) (citation omitted).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has

> filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation omitted).

Here, we begin our analysis by determining whether appellant has complied with the procedural requirements of challenging his sentence. First, appellant timely filed his notice of appeal pursuant to Pa.R.A.P. 902 and 903. Second, he properly preserved the issue in a motion to reconsider sentence which was filed on August 27, 2015. The sentencing court denied appellant's motion on September 16, 2015.

Third, appellant included a Rule 2119(f) statement in his brief, in which he avers that "the lower court abused its discretion when it imposed an excessive sentence of eighteen months[]. An eighteen (18) month sentence is the top of the standard sentencing guidelines." (Appellant's brief at 3.) In his Rule 2119(f) statement, appellant relies on **Commonwealth v. Monahan**, 860 A.2d 180 (Pa.Super. 2004), when he states that the sentencing court gave insufficient reasons for sentencing appellant to the high end of the standard guidelines range. **Monahan** is inapposite here. In **Monahan**, this court found that the sentencing court erred when it failed to

provide sufficient reasons on the record for sentencing the defendant *in excess* of the aggravated range of the guidelines. *Id.* at 182.

A substantial question is only raised on a sentence within the guidelines when there are circumstances in which "the application of the sentencing guidelines would be clearly unreasonable." *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa.Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014), quoting 42 Pa.C.S.A. § 9781(c)(2).

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Dodge*, 77 A.3d at 1270. Here, appellant alleges that the sentencing court failed to consider his rehabilitative needs when crafting his sentence. Appellant also alleges that the sentence imposed was excessive. We have found that such a combination constitutes a substantial question. *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa.Super. 2015) (*en banc*), *appeal denied*, 126 A.3d 1282 (Pa. 2015), quoting *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014). We, therefore, find that appellant has raised a substantial question, and will consider his appeal on its merits.

> Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). **See also Commonwealth v. Tirado**, 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. **See Commonwealth v. Cruz-Centeno**, 447 Pa.Super. 98, 668 A.2d 536 (1995), **appeal denied**, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

**Moury**, 992 A.2d at 171.

Here, the trial court indicated on the record that it received and reviewed appellant's PSI. (Notes of testimony, 8/18/15 at 2.) Because the trial court reviewed appellant's PSI, it is presumed that the trial court was aware of appellant's rehabilitative needs. The trial court then sentenced appellant, pursuant to the plea agreement, to a term of 18-60 months' incarceration, which appellant acknowledges is within the standard range of the sentencing guidelines. We, therefore, find that the sentence imposed by the trial court is appropriate under the Sentencing Code, and appellant's second issue is without merit.

Judgment of sentence affirmed.

J. S44011/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2016