J-S42005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUAN CARLOS ALVAREZ | |
| Appellant | No. 1689 MDA 2016 |

Appeal from the Judgment of Sentence September 26, 2016
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-0001122-2013

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                          **FILED JULY 21, 2017**

Appellant, Juan Carlos Alvarez, appeals from the judgment of sentence entered on September 26, 2016, following the entry of his guilty plea to six counts of possession with intent to deliver narcotics (PWID) and one count of criminal conspiracy.[1]  We affirm.

The relevant factual background and procedural history of the case are as follows.  On September 16, 2013, the Commonwealth charged Appellant with 20 counts of PWID and three counts of criminal use of communications facility, 18 Pa.C.S.A. § 7512.  The charges stem from his involvement in a large-scale cocaine distribution conspiracy.  N.T., 9/16/15, at 7.  Appellant

---

[1]  35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903, respectively.

was serving a federal sentence on similar charges throughout the duration of this case. *Id.* at 5. The Commonwealth and counsel for Appellant began plea negotiations. Counsel met with Appellant at the penitentiary where he was serving his federal sentence; however, prison policy precluded Appellant's counsel from either transporting a laptop into the facility or physically delivering the approximately 2,500 pages of discovery material provided by the Commonwealth. N.T., 10/7/15, at 6-7. Nevertheless, counsel provided Appellant with the grand jury presentment, a report related to an admission he made to a federal agent, Dave Jordan (Agent Jordan), and approximately 100 pages of the original discovery. *Id.* at 7-8; N.T. 9/16/15, at 6. The report from Agent Jordan stated that after a pre-trial conference while Appellant was in federal custody, Appellant admitted to Agent Jordan that he was "in the game for making monies, and once you're in the game it's hard to get out of it." N.T., 10/7/15, at 9. Counsel testified that through most of his representation of Appellant, Appellant was most interested in negotiating a plea that would allow his sentence to run concurrent to the federal sentence he was already serving. *Id.* at 10.

On April 10, 2015, Appellant pled guilty to six counts of PWID and one count of conspiracy. On June 11, 2015, Appellant's counsel moved to withdraw from representation. On July 24, 2015, Appellant, through new counsel, filed a motion to withdraw his guilty plea. On September 16, 2015 and October 7, 2015, the trial court held hearings on the motion to withdraw

the guilty plea. On June 29, 2016, the trial court entered an order denying Appellant's motion. On September 26, 2016, the trial court sentenced Appellant to an aggregate term of nine and one half to 20 years' imprisonment, per his plea agreement. This timely appeal followed.[2]

Appellant presents one issue for our review:

Did the trial court err[] when it denied Appellant's pre-sentence motion to withdraw his guilty plea?

Appellant's Brief at 3.

Appellant argues that "[t]he trial court abused its discretion when it denied his presentence motion to withdraw his guilty plea." *Id.* at 9. Appellant claims that he "never received full discovery and was unaware of the evidence against him" and he wished "to contest the underwhelming evidence in the Commonwealth's case and hold them to their burden" as his "fair and just reason to allow [him] to withdraw his guilty plea." *Id.* at 8. Appellant further contends that the Commonwealth was not substantially prejudiced, despite the Commonwealth's argument that many of its cooperating witnesses who were willing to testify against Appellant had accepted plea agreements of their own and were already sentenced. *Id.* at

---

[2] On October 14, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on October 31, 2016. On December 29, 2016, pursuant to Pa.R.A.P. 1925(a), the trial court issued an order relying on the earlier filed June 29, 2016 order for its rationale in denying Appellant's motion to withdraw his guilty plea.

12-14. More specifically, Appellant avers that "[w]hile it may be true that the Commonwealth may not be able to affect the sentence of potential witnesses, the plea agreements entered into by these witnesses were in all likelihood contingent on that cooperation and could still be void[ed] by the court if they did not comply with the plea agreement" and those witnesses would "still [be] subject to perjury charges if they testified untruthfully." *Id.* at 13.

"The decision to grant or deny a motion to withdraw a guilty plea rests within the trial court's discretion, and we will not disturb the court's decision on such motion unless the court abused that discretion." *Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa. Super. 2013) (citation omitted). It is well settled that, "[a]lthough there is no absolute right to withdraw a guilty plea . . . it is clear that a request made [b]efore sentencing. . . should be liberally allowed." *Commonwealth v. Forbes*, 299 A.2d 268, 271 (Pa. 1973). Further, "[i]f the trial court finds any fair and just reason, withdrawal of the plea before sentence should be freely permitted, unless the prosecution [will be] substantially prejudiced." *Id.*

In denying Appellant's motion to withdraw the guilty plea, the trial court found that he had presented a fair and just reason for withdrawal, *i.e.*, he wanted to hold the Commonwealth to its burden. Order, 6/29/16, at 3 (unpaginated), ¶ 1. However, the trial court held that the Commonwealth

would be substantially prejudiced by a withdrawal of the guilty plea. *Id.* at ¶ 2.

In his brief, Appellant suggests that his fair and just reason for withdrawal is, "[his] desire to contest the underwhelming evidence in the Commonwealth's case and hold them to their burden." Appellant's Brief at 8, 14. He contends that because his attorney did not provide him with the entirety of the discovery in his case (approximately 2,500 pages) before he entered his guilty plea, that he was unaware of the weakness of the Commonwealth's case. Appellant's purported reason for withdrawal would be considered fair and just if it were supported by the record. In *Commonwealth v. Elia*, 83 A.3d 254, (Pa. Super. 2013), this Court stated:

> Although Elia never uttered the words, "I am innocent,"[3] he nonetheless offered multiple other reasons that we conclude constituted fair and just reasons for withdrawing his plea. . . Elia clearly believed that the evidence was insufficient to convict him of the crimes to which he pleaded guilty. [] ("I don't feel like there's enough evidence in my case. I don't feel there's enough evidence against me."). Finally, Elia's statements evinced his inclination to challenge the Commonwealth's evidence at trial. . .

---

[3] In the order denying Appellant's motion to withdraw his plea, the trial court noted that "[Appellant] testified that he wished to withdraw his plea because he was innocent of the charges." Order, 6/29/16, at 2 (unpaginated), ¶ 15. Our review of the record, however, suggests that Appellant did not assert his innocence. In fact, during his testimony at the hearing on his motion to withdraw guilty plea, Appellant was asked, "[a]s you stand here today, you are saying you never gave Darryl Kashner cocaine, and you're innocent of that?" N.T., 9/16/15, at 17. Appellant replied, "I'm not saying any of that. I'm just saying that I don't know what sales they are referring to. . . [T]his guy is going all over town getting drugs. I don't know if he was just getting it from me or from somebody else." *Id.*

These reasons, when viewed according to the liberal standards set forth above, constitute fair and just reasons to permit Elia to withdraw his plea.

*Id.* at 264. However, "trial courts shall deny pre-sentence requests to withdraw a guilty plea when the reasons a defendant offers are belied by the record[.]" *Commonwealth v. Pardo*, 35 A.3d 1222, 1229 (Pa. Super. 2011) (citation omitted).

In the instant case, Appellant's reason for withdrawing his guilty plea is predicated on the fact that he was not provided with the Commonwealth's discovery prior to pleading guilty and he was unclear about the charges against him and the strength of the Commonwealth's case. The record belies those assertions. At the hearing on the motion to withdraw the guilty plea, Appellant's plea counsel testified that he and Appellant discussed the grand jury presentment and the Commonwealth's witness list for trial prior to Appellant's guilty plea. N.T., 10/7/16, at 7-8. Counsel testified that their discussions involved each witness and his or her potential testimony. *Id.* at 14-16. Moreover, Appellant's plea counsel testified, "a lot of the 2,500 pages weren't directly relevant to [Appellant]" and "I think that the suggestion that [Appellant] didn't have a general understanding of the Commonwealth's case, based on my restrictions to provide documentation, is not correct." *Id.* at 7, 16. On direct examination at the hearing on the motion to withdraw the guilty plea, Appellant testified that he was aware of the charges against him, the confidential informants involved, and that there

were no allegations that Appellant sold drugs to any undercover operatives. N.T., 9/16/15, at 7. Based on the foregoing, Appellant's suggestion that he was not informed of potential trial witnesses or the strength of the Commonwealth's case against him is not supported by the record. Furthermore, Appellant fails to point to any discovery evidence that would have affected his decision to enter the plea deal, had he been aware of it prior to pleading. Therefore, we disagree with the trial court's conclusion that Appellant had a fair and just reason for withdrawal.

Regardless, the trial court did not abuse its discretion in denying Appellant's request to withdraw his guilty plea. We agree that the Commonwealth would have been substantially prejudiced had the trial court granted the motion. "It is settled law that prejudice, in the withdrawal of a guilty plea context, requires a showing that, due to events occurring after the plea was entered, the Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled." **Commonwealth v. Blango**, 150 A.3d 45 (Pa. Super. 2016), *citing* **Commonwealth v. Kirsch**, 930 A.2d 1282, 1286 (Pa. Super. 2007).

Here, by the time Appellant moved to withdraw his guilty plea, all but one of the Commonwealth's cooperating witnesses had been sentenced. The Commonwealth lost significant leverage over a majority of the witnesses because it could no longer make sentencing recommendations based on their testimony in Appellant's case. The Commonwealth was substantially

disadvantaged by the fact that it could no longer ensure effective cooperation from those witnesses. Thus, the Commonwealth was in a worse position than it would have been had Appellant's trial proceeded as planned. As such, we conclude that the trial court did not abuse its discretion by denying Appellant's motion to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2017